Hear ye, hear ye, this Honorable Appellate Court for the 2nd District is now open. The Honorable Justice Anne B. Jorgensen presiding, along with Justice George Bridges and Justice Liam C. Brennan. The case is No. 219-0766. Mateo Construction Co, Plaintiff Appellant v. Teckler Blvd Development Site LLC, Defendant Appellee. Arguing for the Appellant, Michael Rieses. Arguing for the Appellee, Joseph Gattemoller. Mr. Rieses, are you prepared to proceed? Yes. Proceed when you're ready. Good morning, and may it please the Court. My name is Michael Rieses, and I am appearing, telephonically, on behalf of the Appellant, Mateo Construction Co. This appeal is from an order that granted a Section 2-619 motion to dismiss in the owner's favor. The trial court found that Mateo did not comply with Section 28 of the Mechanics' Lien Act because it recorded its subcontractor's lien claim before serving it. The issue on appeal is whether the Act required Mateo to serve notice before it recorded its lien claim when it complied with all other requirements to enforce its lien. Because Section 28 does not require the notice to precede the recording of the lien, the trial court's dismissal of Count 1 cannot stand. If we're correct, this Court should reverse and remand for further proceedings on Count 1. Mateo alleged in its fourth amended complaint that it completed its construction work on December 19, 2015. As required under Section 7 of the Act, Mateo filed what is titled, quote, Subcontractor's Claim of Lien, close quote, in the Office of the McHenry County Recorder of Deeds on February 25, 2016, within four months of the completion of the work. As required by Section 24, Mateo served the same document on Techler by certified mail on February 26, 2016, within 90 days of completion of the work. Finally, as required by Sections 7 and 28 of the Act, Mateo sued to enforce this lien within two years of completion of the work on June 1, 2017. We submit nothing more was required to comply with the Act. The trial court agreed with Techler that Section 28 required the Section 24 notice to precede the recording of the lien by 10 days. That is contrary to the clear and ambiguous language of Sections 24 and 28. Section 24 states as relevant that the subcontractor, quote, may at any time. We italicize those words in our brief, and I want to emphasize them in argument this morning. At any time. After making his or her contract with the contractor, close quote, serve notice and shall do so within 90 days of completion of the work. Section 28 addresses enforcement. It is written in the disjunctive. It states that a claim or suit may be filed 10 days after notice if payment has not been made. Mateo satisfied Section 28 by filing suit against the owner and the general contractor jointly more than 10 days after serving the requisite notice. Techler's interpretation is contrary to two appellate decisions, CORDEX Sales and A.Y. McDonald, which held that Section 28 does not require the notice to precede the recording of the lien by 10 days. In CORDEX Sales and A.Y. McDonald, the notice was served and the claim was recorded coincidentally on the same date, yet both cases held that the act did not impose any timing requirement for giving notice relative to the recording of the lien. Similarly, the fact that Mateo's Section 24 notice did not precede the recording of the lien by 10 days is not a basis for invalidating the lien in this case. Section 24 does not tie the timing of the notice to the recording of the lien or to the filing of suit, but only to the completion of the work. Section 24 doesn't even refer to those other events. Section 28 does not condition the enforcement of lien rights on the owner receiving the notice 10 days before the lien is recorded. Section 28 uses the word, quote, or, close quote, to separate different alternatives, the filing of a claim or suing. If payment is not received 10 days after notice, a claimant may file a claim for lien. Alternatively, if payment is not made 10 days after notice, a claimant, quote, may sue the owner and the contractor jointly, close quote, for the amount due in circuit court. Teckler's argument that its interpretation is supported by the 2006 amendment to Section 28. When A.Y. McDonald was decided in 1992, the word, quote, either, close quote, preceded the phrase, quote, file a claim or file a complaint, close quote, in Section 28. According to Teckler, the 2006 amendment removing the single word either now gives Section 28 a diametrically opposite meaning from the holding in A.Y. McDonald, requiring the claimant to wait 10 days after serving notice, both before recording the lien and filing the complaint. We submit that General Assembly did not create a new timing requirement, erect a procedural obstacle to an unpaid claimant's rightful recovery, and nullified appellate precedent merely by removing the word either in one place from Section 28. Before and after the 2008 amendment, the means of enforcing a claimant's lien rights should be interpreted separately and independently, read in the disjunctive as written. If payment is not received 10 days after notice, a claimant may file a claim for lien. If payment is not made 10 days after notice, a claimant may sue the owner and contractor jointly, as happened here, and in A.Y. McDonald and Cordex sales. Mateo satisfied Section 28 by filing suit more than 10 days after notice when Teckler did not pay. Section 28 required nothing more, and we urge this court to apply the act as written and follow Cordex sales and A.Y. McDonald. If there are questions. Justice Brennan, do you have any questions? I do not actually have any questions. Thank you. Justice Bridges? Yes, I do. Counsel, doesn't Section 24 and 28 of the act impose timing requirements for notice for recording the lien that differs from the filing of the suit? Well, Section 24 does not refer to the filing of the suit or the recording of the lien. It simply says notices within 90 days of completion of the work. We complied with that. 28 has two different alternatives. Under one alternative, after 10 days when payment is not made, Mateo could, within four months, file a claim of lien or a suit. That's one alternative. There's another alternative. Within that four-month period, as happens here, we could and did record the lien. But after four months, and certainly after the 10-day period, we could and did file the suit within two years of the completion of the work. So the timing is all tied to the completion of the work. The timing is not relative to these different events. As long as you give your notice in 90 days, you record the lien within four months, and you file the suit within two years, you've complied with the statute. But there is no timing requirement that makes the notice relative to both the recording of the lien and the filing of the suit. Thank you, Counselor. I have no further questions. I have no questions also. You will have an opportunity for rebuttal. Yes. I just want to conclude then by saying that for all the reasons set forth in our brief, we ask you to reverse and remain for further proceedings on Count 1. Thank you for the opportunity to give an oral argument today. Counsel, are you ready to proceed? Yes, I am. When you're ready. Thank you. May it please the Court. First, there is a fatal flaw that's just been repeated that I have to point out first. The subcontractors are in a different section than the general contractors. General contractors have four months. Subcontractors have three months. Every reference they've made to Section 7 in their brief deals with general contractors, not subcontractors. They've confused the two sections of the statute. Don't know why, but they have. Ninety days is the relevant timeframe. I can see they met the 90 days, but they're referencing different parts and the wrong parts of the statute. In addition, in the reply brief, there are some fatal flaws. The number one fatal flaw in the reply brief is that the 3D general contractor is still in this case. And the plaintiff made that argument when we raised the issue is, you know, what has happened to the original 3D general contractor? Because in order to proceed under all of these, the 3D needs to be involved in the complaint. They said 3D is still in the complaint in count one of the fourth amended complaint. In other words, count one is still before the trial court waiting for a decision on behalf of 3D. If that is the case, we're here without a final order. If that is not true, then the plaintiff's or motion non-suit 3D applies to both counts. We have a final order. Defendant 3D has not been given any notice of this appeal. 3D does have an appearance on file. They have not been a very willing participant below, but they have not been given notice of this appeal. The second slide of hand is what I referenced in Section 7. They allege in their complaint they complied with all the requirements of the general contractor in Section 7. They're not the general contractor, and they've never alleged to be the general contractor. If they're relying on the general contractor's lien, they don't have a subcontractor's lien. It doesn't exist. The third issue they raised in their reply brief is they want to use the recorded lien to satisfy the notice in Section 24. We referenced Section 25 to show that the legislature knew the difference between recording a notice and using the recorder's office as notice and giving someone actual notice. In Section 25B specifically, it says the only time, and they use the word only, that you can use Section 24. You can satisfy Section 24 notice with a recording of the lien is when the owner cannot be found. That's not the case here. That's never been alleged here, but they attempted to use it as a way to bootstrap themselves into notice here. This takes us to the real reason that we're here, the 10-day notice issue. No court has ever addressed the change in Section 28 made in 2006 after the 1992 McDonald case. McDonald case did use the word either to allow the 10 days either before the recording of the notice or before the actual complaint was filed. When the word either is removed, it has an impact of changing the word from being either to both. And that is what the court read it as at the lower court level. That is actually the way normal English reads, and that's what should be done here. They did not do that in this instance. As a result, their lien is fatally flawed. They did not comply with Section 24 notice requirements as outlined because they didn't service 10 days in advance, which is required in Section 28 before material and laborers and subcontractors can file suit or can file a lien. That's what they've missed here. And we're asking the court, this court, to uphold the lower court and rule that the plain language of the statute has been changed in 2006 when the legislature made the change and that both items are required. That protects landowners and understand the difference between subcontractors and general contractors. General contractors, the landowner knows about, he signed a contractor with that person. The owner absolutely knows who they are. The owner doesn't know who the subcontractors are. His property shouldn't be liened before he even gets to, you know, before he gets notice of it. And that was the purpose was to protect owners who didn't know who the subcontractors were from getting a slandered, their title slandered before they even had notice. It's not a huge endeavor to require them to send a letter to the owner 10 days before they record a lien. They didn't do it here. It's required under the statute. And the court should uphold the lower court. Thank you. This is Brennan. So I have this question. An awful lot of emphasis is being put on the deletion of the word either. I'm not sure, frankly, that in my opinion, that makes this statute ambiguous such that I should resort to legislative history. But let's say for a moment that I do. I'm looking at the language of the sponsor of the amendment that removed the word either. And he seems to say that that this bill does not intend to make any significant substantive changes other than changes necessary to codify existing case law. What say you to the argument that this was simply codifying the A.Y. case and its interpretation of Section 28? I believe that if it was codifying it, it would have left the word either in. I think either absolutely was correctly decided the first time around. And then they removed it. What case law do you think they were codifying? I think they were codifying McDonald or I think they actually were reversing McDonald. I don't think they were codifying McDonald at all. I think somebody along the line decided to take it out and say, we don't we want you to have to do this in either case. It'd be strange language for the sponsor to use that were codifying existing case law. If the intention is to reverse it, wouldn't it? Well, it would be except for it was a large change. What they had many other changes. It doesn't surprise me that they missed one in one place. I think some are summarily. Overall, the changes did exactly what he said. But that doesn't mean every change did that. I mean, that's not my I mean, not that I'm an expert legislator. You know, when you read other things, it's many times that things get through the legislature with the summation on the on the legislative floor. It's certainly not the final be all and end all of the legislative history. All right. And then if I may just ask this, did the. Owner was did the business reside in the county where the work was done? No, but his corporate agent did. But isn't that an alternative reason in the statute? It's not only that he could not be found. It's where the owner resides is another reason to pursue the notice that was given. Isn't that so? Well, it's also where the owner resides or his agent. Right. But I mean, it's in the agent can be served as an alternative. But does he have to be served? Yes, he has to be served because you only record the notice when you can't find him or his agent or his architect. There's a whole list of people that you can't you have to look through to find first in order to get notice. And again, that isn't the case in this instance. There were agents here. There's never been a dispute about whether they could find the owner, but the owner did reside. He actually resides in another state. But his corporation, I apologize. The corporate answer, the corporate agent lives here. The corporation is recorded and is organized in Illinois. It has the state agent. I mean, there is no issue about whether that's the agent. All right. Thank you. Justice Bridges. Yes. Thank you, counsel. Just as a follow up to Justice Brennan's question. Doesn't the amended act use the disjunctive word or and doesn't that express an alternative like either? Well, it can, but it can also reflect that if you're going to do one or the other, you have to do the first. The language that precedes it, which is give the 10 days notice. And so you use it, the 10 days applies to both. And you're now looking for the claim of lien. You're going to protect your lien. You should give that notice. Because, again, we're dealing with a statute that is outside what was common law. It was created as a way to solve some problems in the common law. As I'm sure you're all aware, and as a result, it's because it's not the normal action. You have a smaller area to do it again. You're dealing with a subcontractor who was hired by a general contract, not by the owner. One of the reasons why it's so important that the general contractor still be included in the lawsuit. Thank you, counsel. I have no further questions. Counsel, I just I have one follow up about the legislative history here. And again, I'm not sure that removing the word either does make a huge substantive change here to make it ambiguous, but let's assume that it does. And, you know, I appreciate the position you're taking with the expression of the legislator who was propounding these changes. But how do we ignore that? I mean, when we have an express intent to not make substantive changes, but to make the change to codify case law. How do we ignore that? What basis would we use to say that that really isn't what they meant? Well, it because the word either changed that it's that simple. It does change it. He was speaking of an overall. I right. I appreciate counsel. Excuse me. I appreciate that. And I heard you when you answered that before, but they took the word out and said, by doing this, we do not mean to make any substantive change. How do we get around that? I think in the end, they still made a substantive change whether they meant to make this specific one. I don't know, but they did make a change. All right. Fair enough. Then I have no additional questions. Thank you. I only that I would hope that you would see fit to uphold the lower court. Thank you. Thank you. Council, are you prepared to make a rebuttal? And so. Tuckler draws the wrong lesson from McDonald. That case did not turn on the word quote, either close quote. So, the elimination of the word from the statute does not change the result. In fact, the word either does not even appear in the relevant passage of the appellate opinion in McDonald. Tuckler raises a false claim concerning this court's jurisdiction. It suggests somehow three dimension, the general contractor either is not a party to the case. So, the appeal is effective, or if it is a party to the appeal, then appellate jurisdiction does not lie. The trial court dismissal order from which we are appealing says quite clearly that counts one and three are dismissed with prejudice. Not just dismissed in favor of Tuckler, dismissed in favor of everybody who was named in that count or those counts. If you look at count one, quite clearly, three dimension is a party to count one. In fact, we are seeking a specific deficiency judgment against three dimension. It's a party, but it was dismissed. Everybody was dismissed from count one. And when we non-suited count two, that allowed us to appeal from the dismissal of counts one and three. As we have, that is established appellate procedure. Quite frankly, Tuckler is reaching. Let's talk a little bit about the deadlines again. The statute is meant to be straightforward. Tuckler is not complaining that the notice wasn't served within 90 days. It was. Tuckler is not complaining that the lien wasn't properly recorded within the time period. It was. Tuckler is not complaining that the suit wasn't filed within two years of the completion of the work. It clearly was. It admits that it received the notice, and it hasn't said anything this morning about that notice being defective as a matter of substance. Its only argument is that the notice somehow has to precede the recording of the lien by 10 days. It has not cited a single case that supports its strained and frankly unnatural interpretation of Section 28. The purpose of the act is to permit a lien where the owner has received a benefit and the value or condition of the property increased or improved by the furnishing of labor and materials. This court has noted that the act discloses, quote, a manifest legislative intent to remove, as far as practicable, technical requirements as a material element of the right to enforce a valid lien clause, quote. The interpretation of Sections 24 and 28 adopted in Coridex Sales and A.Y. McDonald serves that remedial purpose and should be followed here. Let's be very clear. This case involves Section 24 notice, not Section 25. The owner of record lives in Tennessee and was served by certified mail in Tennessee. That allowed us to proceed under Section 24 as we did. We complied with 24, and we complied with 28. If there are any questions. This is Brennan. As it relates to the serving of the notice, does, if it's correct that the registered agent for the corporation is in not only Illinois, but the county where the work was done, as I understand the suggestion to be, shouldn't that agent have been served under the normal service process rather than for when someone resides outside of the county? Well, I believe, Justice Brennan, that we did comply by serving as an alternative the owner of record outside of the county, and I think that was sufficient notice under the statute. All right. Thank you. Justice Bridges. I believe you said Justice Bridges. Is that correct? Yes. I'm sorry. Sometimes we can't hear each other well. Okay. Counsel, the question I have is, because it's been pointed out, three dimension construction is a necessary party. So it's your position that they are still involved as a party in count one, which is this appeal. Is that correct? Correct. They are a party to count one. They were named in count one, but they were dismissed along with everybody else in count one. And for that reason, the appeal is an appeal from under rules 301 and 303 because there's nothing else pending in the trial court. But, yes, we complied by suing them and suing them jointly with the owner. Thank you. I have no further questions. My only follow-up question is, why didn't you serve the agent? Honestly, Presiding Justice Hutchinson, I'm not sure that I can answer that question because I don't know for a fact that the agent wasn't served. But let me just say this. I don't believe that was ever argued in the trial court. I think I'm hearing this for the first time today. All right. Well, fair enough. That was a question that perhaps went outside the record. I apologize. I have no further questions. Any final remarks? Well, I just want to, again, reiterate that we ask you to reverse and remand for further proceedings on count one. This has been my first remote oral argument under the new procedure. And I thank the court for providing the facility and for allowing Mateo to be heard this morning. Thank you. You're welcome. All right, gentlemen, thank you both for your exceptional arguments this morning. We will be adjourned and you will receive a written decision in due time. Again, thank you. Thank you.